UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No._____

LAURA L. BERGERON,

    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant,

_____/

## COMPLAINT

**NOW COMES**, LAURA L. BERGERON ("Plaintiff"), through her undersigned counsel, complaining of I.C. SYSTEM, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Protection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Laura L. Bergeron ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Spring Hill, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla Stat. §559.55(8).

8. I.C. System, Inc. ("Defendant") is a corporation organized and existing under the laws of Minnesota.

9. Defendant maintains its principal place of business at 444 Highway 96 East, Vadnais Heights, Minnesota 55127.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

11. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7).

## FACTUAL ALLEGATIONS

12. At some point, Plaintiff obtained television services through DirecTV.

13. In or around 2016, Plaintiff started experiencing issues with her television box.

14. Upon calling DirecTV to have the box fixed, DirecTV informed Plaintiff that she would be charged $199 for a service call.

15. Appalled, Plaintiff cancelled her services with DirecTV, incurring an early termination fee of $358 ("subject debt").

16. In or around November 2021, Plaintiff was attempting to apply for a mortgage and was advised that Defendant was reporting on her credit report regarding the subject debt.

17. At no point had Plaintiff been notified that DirecTV had placed the subject debt with Defendant nor that Defendant was passively attempting to collect the subject debt by reporting it on her credit reports.

18. Plaintiff contacted Defendant in an attempt to determine the reason for the information on her credit report.

19. Plaintiff provided Defendant with updated contact information, including a new address.

20. During this phone call, Plaintiff disputed the subject debt with Defendant.

21. Plaintiff also requested validation of the debt from Defendant; unfortunately, Defendant advised Plaintiff to call DirecTV to get validation instead.

22. Plaintiff placed a call to DirecTV and was informed that DirecTV could not get into her account. DirecTV stated she needed to contact Defendant to handle the issue instead.

23. At one point, Plaintiff had legal services through a subscription service called LegalShield.

24. Plaintiff requested that the attorney appointed to her from LegalShield draft a letter to Defendant on her behalf regarding the subject debt.

25. Plaintiff informed Defendant that she had this service and was using LegalShield to dispute the debt.

26. Shortly thereafter, Plaintiff ended her subscription with LegalShield and was no longer represented by an attorney and informed Defendant of the same.

27. Unfortunately, Defendant refused to speak with Plaintiff, stating that it could not communicate directly with someone represented by an attorney.

28. In or around November 2021, Plaintiff disputed the credit reporting of the subject debt via telephone with TransUnion.

29. Unfortunately, Defendant verified the information to TransUnion as accurate.

30. On or around February 11, 2022, Plaintiff placed another phone call to Defendant attempting to obtain information regarding the subject debt.

31. Frustrated with getting the run around yet again, Plaintiff described to Defendant the difficulty she was having in obtaining records regarding the subject debt.

32. Defendant was unsympathetic to Plaintiff's situation, stating that it is not required to send her any information and that it will not send her any information regarding the subject debt.

33. Frustrated with her failure to receive a resolution to this issue, Plaintiff retained counsel to compel Defendant to cease its unconscionable behavior.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

34. Paragraphs 1-33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692e**

35. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

36. Pursuant to §1692e(10) of the FDCPA, a debt collector is prohibited from "the use of any false representation or deceptive means to collect or attempt to collect any debt. . ." 15 U.S.C. §1692e(10).

37. Defendant violated §§ 1692e and e(10) of the FDCPA by failing to provide Plaintiff with any information regarding the subject debt.

38. Specifically, Plaintiff disputed the subject debt and requested validation of the subject debt; however, Defendant stated it did not need to provide any information to Plaintiff.

39. Instead, Defendant pushed Plaintiff off onto the original creditor, knowing full well that DirecTV no longer had access to Plaintiff's file because it had been sold to Defendant.

40. Further, Defendant failed to communicate with Plaintiff after it was informed that she was no longer represented by counsel.

41. As pled above, Plaintiff tried on numerous occasions to obtain information regarding the subject debt.

42. Her inability to obtain information about the subject debt hindered her decision on whether the debt was valid and whether to make a payment on the subject debt.

43. Accordingly, Plaintiff was hurt by Defendant's conduct.

**b. Violations of FDCPA §1692f**

44. Section 1692f of the FDCPA states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

45. Defendant violated §1692f by reporting the subject debt to the credit agencies and refusing to provide Plaintiff with any information regarding the subject debt once she discovered it on her credit report.

46. Placing the subject debt on Plaintiff's credit report painted an inaccurate picture of her creditworthiness.

47. As pled above, when Plaintiff tried to clear up the issues regarding the subject debt, she was unable to obtain any information from Defendant.

48. As pled above, when Plaintiff disputed the subject debt through TransUnion, Defendant advised TransUnion that the debt was accurate and reporting correctly.

49. Defendant's false reporting of the subject debt to TransUnion and its failure to conduct a reasonable investigation into Plaintiff's dispute was unfair and unconscionable.

c. **Violations of FDCPA §1692g**

50. Pursuant to 15 U.S.C. §1692g, "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall. . .send the consumer a written notice" containing specific pertinent information regarding the debt. 15 U.S.C. §1692g.

51. As pled above, Plaintiff's first contact with Defendant was in or around November 2021, when Plaintiff placed a phone call to Defendant.

52. As pled above, Plaintiff provided Defendant with a valid address at that time.

53. As pled above, Plaintiff did not receive any communication regarding the subject debt from Defendant.

54. Defendant violated 15 U.S.C. §1692g by failing to send the required information letter to Plaintiff within 5 days of their initial communication.

**WHEREFORE**, Plaintiff, LAURA L. BERGERON, requests that this Honorable Court enter judgment in her favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

B. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

C. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
**Violations of the Florida Consumer Collection Practices Act**
**(Fla. Stat. § 559.55 *et seq*.)**

55. Paragraphs 1-33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Subsection 559.72 of the FCCPA provides:

In collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

57. Defendant violated Fla. Stat. § 559.72(9) by continuing to report the subject debt to the credit agencies without performing a reasonable investigation of Plaintiff's dispute.

58. Specifically, by failing to perform a reasonable investigation of Plaintiff's dispute, Defendant attempted to enforce a debt which it had reasonable knowledge to discern that Plaintiff may not owe.

59. As pled above, Plaintiff disputed the subject debt with Defendant on her first call to Defendant.

60. As pled above, Plaintiff disputed the subject debt with TransUnion and Defendant verified the debt as accurate without any sort of reasonable investigation into Plaintiff's dispute.

61. As pled above, Plaintiff was severely harmed by Defendant's actions.

**WHEREFORE**, Plaintiff, LAURA L. BERGERON, requests that this Honorable Court enter judgment in her favor as follows:

A. a finding that Defendant violated Fla. Stat. § 559.72(9);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper,

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: February 28, 2022               Respectfully submitted,

**LAURA L. BERGERON**

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148

                                              Telephone: (630) 575-8181
                                              Facsimile: (630) 575-8188
                                              ataylor@sulaimanlaw.com
                                              *Counsel for Plaintiff*